# In the United States Court of Federal Claims

No. 13-522C
(Filed March 18, 2015)
NOT FOR PUBLICATION

```
* * * * * * * * * * * * * * * * * * * * * * *
                                            *
DJ'S MECHANICAL, INC.,                      *
                                            *
                 Plaintiff,                 *
                                            *
     v.                                     *
                                            *
THE UNITED STATES,                          *
                                            *
                 Defendant.                 *
                                            *
* * * * * * * * * * * * * * * * * * * * * * *
```

## ORDER COMPELLING THIRD-PARTY PRODUCTION

  Plaintiff DJ's Mechanical, Inc. (DJ's) has moved for an order compelling Leidos Engineering, LLC (Leidos) to comply with a subpoena to produce documents served upon Leidos. Under Rule 45(e) of the Rules of the United States Court of Federal Claims (RCFC), a person ordered by a subpoena to produce documents must produce or grant access to the requested documents, or state a claim of privilege or other objection. A person subpoenaed may object to the production of documents by filing a motion under RCFC 45(c)(3)(A) to quash or modify the subpoena, for reasons including an unreasonable amount of time to comply, claim of privilege, or undue burden. Under subsection (g), a person failing to comply with a subpoena can be held in contempt.

  In its motion, plaintiff recounts that it served Leidos with a subpoena on October 14, 2014, requesting document production by November 12, 2014. Pl's Mot. to Compel (Pl.'s Mot.) ¶¶ 5–6; Ex. A to *id.* at 1–2. Leidos is the successor company to The Benham Companies, LLC, which served as the architect or engineer for the project at issue in the present case. Pl.'s Mot. ¶ 3. After neither a timely objection nor the requested documents had been received, plaintiff on November 21, 2014, emailed a letter to the general counsel of Leidos inquiring about the document request. *Id.* ¶ 8 & Ex. B. On November 25, 2014, the senior counsel for Leidos sent a letter by email to plaintiff's counsel, objecting to the subpoena on the grounds that the subpoena was served improperly, created an undue burden, and failed to sufficiently explain the documents plaintiff sought. *Id.* ¶ 9 & Ex. C.

Following further communications on the subject, Leidos's senior counsel reported that all documents it had regarding the matter had already been provided to the government, and stated he "would hate to duplicate efforts" by giving DJ's directly what plaintiff should already have received from defendant.  Pl.'s Mot. ¶ 13 & Ex. E.  When government counsel was initially unable to determine whether Leidos had provided defendant with any documents, on February 10, 2015, plaintiff filed the present motion to compel, arguing that under RCFC 45(d)(2)(B)(i),[†] "the serving party may move the court for . . . an order compelling production or inspection."  Pl.'s Mot. ¶¶ 14–18.  Plaintiff argues that the documents it seeks from Leidos are relevant to the present claim, and therefore discoverable, because they relate to potential defects or omissions in the design of the project at issue here, and maintains they are neither unduly burdensome nor expensive to produce.  *Id.*  ¶ 21–22.  Neither Leidos nor the government has filed a response to plaintiff's motion.

During the status conference held today in this matter, defendant's counsel reported that, after prolonged investigation, he was able to confirm that Leidos had sent documents to the contracting officer while the claims of DJ's were being considered at the administrative level, and that those documents would have been produced to plaintiff.  The government could not, however, identify the particular documents which came from Leidos.  Plaintiff persuasively maintains that it is far from certain, and most unlikely, that all documents in the possession of Leidos that come within the parameters of the document request were already produced via the government.  Under these circumstances, the Court concludes an order compelling compliance on the part of Leidos is warranted.

Accordingly, Leidos is hereby ordered to comply with plaintiff's subpoena, and produce the requested documents on or by **Monday, March 30, 2015**, at the place and time requested by plaintiff.

**IT IS SO ORDERED.**

                                          s/ Victor J. Wolski

                                          **VICTOR J. WOLSKI**
                                          Judge

---

† In its motion, plaintiff cites the Federal Rules of Civil Procedure (FRCP) rather than the RCFC.  But since the language of RCFC 45 corresponds to rule 45 of the FRCP, the Court construed the motion as being filed under the appropriate rule.